# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRUDI LEE LYTLE; AND JOHN
ALLEN LYTLE, AS TRUSTEES OF THE
LYTLE TRUST,
Appellants,
vs.
MARJORIE B. BOULDEN, TRUSTEE
OF THE MARJORIE B. BOULDEN
TRUST; LINDA LAMOTHE; JACQUES
LAMOTHE, TRUSTEES OF THE
JACQUES & LINDA LAMOTHE
LIVING TRUST; ROBERT Z. DISMAN;
AND YVONNE A. DISMAN,
Respondents.

No. 73039



FILED

DEC 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting an injunction in a real property action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

In 1996, appellants Trudi and John Lytle purchased a lot in Rosemere Estates for the purpose of building a residence. The lots in Rosemere Estates are subject to Covenants, Conditions, and Restrictions (Original CC&Rs) imposed by the developer. The Original CC&Rs contemplated the future formation of a property owners' committee that would maintain limited common areas in the development. Two homeowners, acting on behalf of all Rosemere Estates lot-owners, subsequently filed non-profit articles of incorporation to create the committee contemplated in the Original CC&Rs, the Rosemere Estates Property Owners Association (Association).

18-906850

In 2007, the Association amended the Original CC&Rs, effectively trying to turn itself into a homeowners' association under NRS Chapter 116 and enforce new restrictions on the Lytles' lot. The Lytles filed suit against the Association, seeking a declaration that the amended CC&Rs were void as well as damages, costs, and fees. The district court granted summary judgment in favor of the Lytles, finding that: the Original CC&Rs did not form a homeowners' association under NRS Chapter 116, but rather a limited purpose association; the amended CC&Rs were improperly adopted and recorded; and the Association had no power to impose additional restrictions on the Lytles' property as though it were a homeowners' association. Consequently, the district court declared the amended CC&Rs invalid and awarded the Lytles monetary damages, attorney fees, and costs.

The Lytles subsequently recorded abstracts of judgment against properties contained within Rosemere Estates, including two owned by Marjorie Boulden and Linda and Jacques Lamothe.[1] Boulden and the Lamothes filed suit against the Lytles seeking declaratory and injunctive relief and to quiet title and remove the abstracts of judgment clouding title. They later moved for summary judgment on all causes of action. The district court granted the motion, concluding that because Boulden and the Lamothes were not parties to the previous litigation and the Association

---

[1] Respondents Robert Z. Disman and Yvonne A. Disman purchased the property belonging to Marjorie Boulden in August 2017, and were added as respondents to this appeal on the Lytles' motion to join them.

was limited in purpose and not subject to NRS 116.3117's mechanism by which judgments against a homeowners' association may be recorded against properties therein, Boulden and the Lamothes were not obligated under the Lytle's judgment. Determining that the Lytles improperly clouded title, the district court ordered the abstracts of judgment expunged from the properties' titles and entered a permanent injunction enjoining the Lytles from enforcing the judgment or any related abstracts against the Boulden or Lamothe properties.

The Lytles now appeal, arguing that NRS 116.3117 applies to limited purpose associations both through plain statutory language and on equitable grounds or, in the alternative, that they are permitted to record their abstracts of judgment against the subject properties under general principles governing common-interest communities.

## DISCUSSION

### Standard of review

Where injunctive relief is granted in the form of summary judgment, the standard of review is de novo. *A.L.M.N., Inc. v. Rosoff*, 104 Nev. 274, 277, 757 P.2d 1319, 1321 (1988); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate where there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

### NRS 116.3117 does not apply to limited purpose associations

Where a statute's language is unambiguous, this court gives effect to its plain meaning. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court,*

123 Nev. 468, 476, 168 P.3d 731, 737 (2007). NRS 116.1201(2)(a) provides, in relevant part, that limited purpose associations are not subject to NRS Chapter 116, with enumerated statutory exceptions, NRS 116.3117 not among them. NRS 116.3117(1)(a) states that a monetary judgment against an association, once recorded, is a lien against all real property of the association and all of the units in the common-interest community. An "association" is defined as a unit-owners' association organized under NRS 116.3101. NRS 116.011. A unit-owners' association must be in existence on or before the date when the first unit is conveyed. NRS 116.3101.

Here, the Lytles do not dispute that the Association is a limited purpose association. Although they assert that properties within limited purpose associations are subject to NRS 116.3117's lien provisions, NRS 116.1201 spells out the specific statutes within NRS Chapter 116 that apply to limited purpose associations, and NRS 116.3117 is not among them. Aside from those listed statutes, NRS Chapter 116 "does not apply to [a] limited purpose association." NRS 116.1201(2)(a). Thus, the plain language of the statute is clear that limited purpose associations are not subject to NRS 116.3117's lien provisions. By listing exactly which provisions within NRS Chapter 116 apply to limited purpose associations, NRS 116.1201 does not leave any room for question or expansion in the way the Lytles urge. We are likewise not persuaded by the Lytles' further contention that they may place a valid judgment lien on the Boulden and Lamothe properties through a series of statutory incorporations. Specifically, although the Lytles argue that NRS 116.3117 applies to limited purpose associations

through NRS 116.4117(2)'s reference to NRS 116.3111, which states that "liens resulting from judgments against the association are governed by NRS 116.3117," NRS 116.4117(2) does not incorporate NRS 116.3111. Instead, it enumerates the circumstances in which suit may be brought for breach of NRS Chapter 116 or governing documents "except as otherwise provided in NRS 116.3111." NRS 116.3111 addresses tort and contract liability for "injury or damage arising out of the condition or use of the common elements," which is not at issue here. Therefore, although NRS 116.4117(2) references NRS 116.3111, it does not incorporate it and there is no interpretive progression that suggests limited purpose associations are subject to NRS 116.3117.

The Lytles next argue that a broad, equitable mechanism set forth in *Mackintosh v. California Federal Savings & Loan Association*, 113 Nev. 393, 935 P.2d 1154 (1997), allows them to record a judgment lien against the Boulden and Lamothe properties. We disagree here as well. The Lytles contend that *Mackintosh* allows them to treat the Association as a homeowners' association subject to all provisions of NRS Chapter 116 in order to enforce their judgment, despite the district court's unchallenged determination in the action in which they obtained their judgment that the Association is a limited purpose association. The facts and holdings of *Mackintosh* do not support the conclusion proffered by the Lytles. Although *Mackintosh* recognized that a prevailing party may recover attorney fees from the other contracting party under a contractual provision even where that contract has been rescinded, it had nothing to do with statutory lien rights. 113 Nev. at 406, 935 P.2d at 1162. The Lytles intermingle two

different legal theories—contractual attorney fees and statutory lien rights—in an attempt to piece together a solution that would allow them to enforce a judgment lien against property owners who were not parties to the Lytles' complaint against Rosemere Estates, and whose property interests had never been subject of any suit. Nothing in *Mackintosh* suggests that applies beyond the context of contractual agreements and the circumstances of that case, and we are not persuaded that it otherwise provides a basis for expanding the application of NRS 116.3117.[2]

*General principles of common-interest communities do not permit the Lytles to record the abstracts of judgment against all properties subject to the Association*

The Lytles argue that all of the Rosemere Estates units, including respondents' real properties, are the property of the Association under *D.R. Horton, Inc. v. Eighth Judicial District Court*, 125 Nev. 449, 215 P.3d 697 (2009), and the Lytles consequently may record their abstracts of judgment pursuant to NRS 17.150(2). We disagree.

---

[2]The Lytle's also argue that the "sword and shield doctrine" allows the judgment to be recorded against respondents' properties, relying on *Molina v. State*, 120 Nev. 185, 193-94, 87 P.3d 533, 539 (2004), which held that a criminal defendant could not invoke the attorney-client privilege while simultaneously seeking to withdraw his guilty plea when he put the content of his interactions with his attorney at issue by arguing that his attorney advised him to enter a plea without knowledge of his case. *Molina* is inapposite here, as it adjudicated evidentiary issues unrelated to this dispute. Here, although respondents relied on the inapplicability of NRS Chapter 116 in seeking declaratory and injunctive relief in the underlying action in order to have the liens clouding their titles expunged, they were not parties to the Lytle-Rosemere Estates litigation, in which the Lytles likewise relied on NRS Chapter 116 to have Rosemere Estate's amended CC&Rs declared invalid.

NRS 17.150(2) allows a party to record a judgment with a county recorder, which then serves as a lien on the property of the judgment debtor. Because it is undisputed that the respondents were not parties to the Lytles' prior suit against the Association, the question turns on whether the Association holds a property interest in the individual lots constituting Rosemere Estates.

*D.R. Horton* did not hold that individual units subject to a homeowners' association are the property of that association. *D.R. Horton* only considered the question of standing, not ownership. 125 Nev. at 451-52, 215 P.3d at 699. Additionally, *D.R. Horton*'s holding that individual units are part of the common-interest community, *id.* at 460, 215 P.3d 704, does not mean that the property of individual owners is also owned by homeowners' associations, as homeowners' associations and common-interest communities are not the same thing, *see* NRS 116.011; NRS 116.3101; NRS 116.021. Finally, NRS 116.3117(1)(a) further undermines the Lytles' position that homeowners' associations have an ownership interest in individual units, as it distinguishes between the property owned by the association and the individual units in the common-interest community. Under the association ownership position asserted by the Lytles, the statute's language allowing judgments to be recorded against the units would be rendered superfluous, as NRS 17.150 would be sufficient to allow judgments to be recorded against the units of a common-interest community. Statutory construction principles do not support this position. *See Harris Assocs. v. Clark Cty. Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532,

534 (2003) ("[W]e construe statutes to give meaning to all of their parts and language[.]" (internal quotation marks omitted)).[3] Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]The Lytles also contend that the Original CC&Rs created a mechanism to record a judgment against the Association on individual units within Rosemere Estates. They cite the provision stating, "[A]ny liens established hereunder shall not defeat . . . the lien of any mortgage . . . as to said lots . . . ." As nothing within that provision explicitly permits a judgment against the contemplated association to be recorded as a lien on properties within the community, we conclude that it does not create a mechanism by which the Lytles could record their judgment against the Association as a lien on member properties. *Diaz v. Ferne,* 120 Nev. 70, 73, 84 P.3d 664, 665-66 (2004) (observing that this court reviews de novo the interpretation of a restrictive covenant in CC&Rs); *see Am. First Fed. Credit Union v. Soro,* 131 Nev. 737, 739, 359 P.3d 105, 106 (2015) (providing that when "the language of the contract [or CC&R] is clear and unambiguous[,] . . . the contract will be enforced as written" (internal quotation marks omitted)).

cc: Hon. Timothy C. Williams, District Judge
Persi J. Mishel, Settlement Judge
Gibbs Giden Locher Turner Senet & Wittbrodt LLP/Las Vegas
Fidelity National Law Group
Foley & Oakes, PC
Christensen James & Martin
Eighth District Court Clerk